**UNITED STATES DEPARTMENT OF JUSTICE**

**Drug Enforcement Administration**

In the Matter of

**Schedules of Controlled Substances: Proposed Rescheduling of Marijuana**

**DEA Docket No. 1362**
**Hearing Docket No. 24-44**

## PRELIMINARY ORDER

I am the Administrative Law Judge (ALJ) designated by the Administrator of the Drug Enforcement Administration (DEA or Agency) to hear this case.

On May 21, 2024, the United States Department of Justice (DOJ) through the DEA issued a notice of proposed rulemaking (NPRM) proposing to transfer marijuana from Schedule I of the Controlled Substances Act (CSA) to Schedule III. *Schedules of Controlled Substances: Rescheduling of Marijuana*, 89 Fed. Reg. 44597, 44597 (2024). In an order dated August 29, 2024 (General Notice of Hearing or GNoH), the DEA Administrator determined that in-person hearing proceedings are appropriate and fixed a December 2, 2024 commencement date at the DEA Hearing Facility. *Schedules of Controlled Substances: Rescheduling of Marijuana*, 89 Fed. Reg. 70148, 70148-49 (2024).

The NPRM directed, *inter alia*, that "[a]ll requests for a hearing and waivers, together with a written statement of position on the matters of fact and law asserted in the hearing, must be filed with DEA." 89 Fed. Reg. at 44598. The General Notice of Hearing acknowledged the regulatory requirement that under the DEA regulations, an "interested person" is "any person adversely affected or aggrieved by any rule or proposed rule issuable under 21 U.S.C. § 811." 89 Fed. Reg. at 70149. The GNoH instructed any person seeking to participate in the rescheduling hearing to submit a filing:

> (1) Stat[ing] with particularity with interest of the person in the proceeding;
> (2) Stat[ing] with particularity the objections or issues concerning which the person desires to be heard; and
> (3) Stat[ing] briefly the position of the person regarding the objections or issues.

*Id.*

On October 29, 2024, two letters from the DEA Administrator were hand-carried to the DEA Office of Administrative Law Judges. Attachments 1, 2. One letter (the Participant Letter or PL)[1] designated a list of twenty-five "participants" (Designated Participants or DPs), and the other, by its terms, directed the utilization of livestreaming throughout the hearing proceedings (the Livestream Letter or LSL).[2] The PL and LSL have been attached to this order as the record has no indication as to whether either or both documents were served on the Designated Participants or any of those who sought to be DPs.

Although the Participant Letter designated a list of enumerated entities and individuals as DPs, there is no indication in the four corners of the document as to whether the "participants" support or oppose the NPRM or how the "participants" satisfy the "interested person" definition set forth in the regulations. 21 C.F.R. §§ 1300.01(b), 1308.44(a)-(b). Indeed, the PL contains only a list of persons and organizations accompanied by one or more email addresses, without the benefit of notices of appearance, addresses, or even phone numbers. While the NPRM directed that the Office of Administrative Law Judges be served with a courtesy copy of any hearing request filing(s),[3] the GNoH contained no such requirement. Thus, this tribunal is not in possession of documentation related to whether/how the Designated Participants would be "adversely affected or aggrieved" by the proposed regulation change in the NPRM,[4] or any other particularly helpful information. The regulatory language regarding the requirement that only "interested person[s]" may request (and by implication be designated with) hearing participant status is not permissive in nature. 21 C.F.R. § 1308.44. Equally directive is the language in the regulations that requires that an "interested person" demonstrate that he/she/it would be "adversely affected or aggrieved" by the proposed scheduling action. 21 C.F.R. § 1300.01(b).

In granting the Attorney General (and by delegation the DEA Administrator[5]) authority to schedule or reschedule any substance, Congress required that such an action "shall be made on the record after [an] opportunity for a hearing pursuant to the rulemaking procedures prescribed by the [Administrative Procedure Act (APA)]." 21 U.S.C. § 811(a). Under the APA, "the

---

[1] Attachment 1.
[2] Attachment 2.
[3] 89 Fed. Reg. at 44598.
[4] Indeed, the Agency has furnished this tribunal with no correspondence from itself or the Designated Participants that was generated in response to the GNoH.
[5] 28 C.F.R. § 0.100.

proponent of a[n] . . . order has the burden of proof."[6]  5 U.S.C. § 556(d); *see also* 21 C.F.R. § 1316.56 ("[a]t any hearing, the proponent for the issuance, amendment, or repeal of any rule shall have the burden of proof.").  Thus, just as the Agency carries the burden of proof to prevail on its proposed rulemaking, those among the Designated Participants seeking active participation in this hearing must establish that they have made timely application and are eligible as an "interested person."  To the extent that any of this has been done or adjudicated, it is not transparent in the present record.  The record currently contains no hearing requests, notices of appearance, or correspondence between the Agency and the Designated Participants or those who sought that status.  As the record currently stands, although the Agency has fixed a December 2, 2024 hearing date, there is no way to discern from the present record which DPs support or oppose the NPRM.  To effectively preside over this hearing, additional information must be furnished to the tribunal forthwith.

Accordingly, it is herein **ORDERED** that any Designated Participant listed in the Participant Letter who seeks active participation in these hearing proceedings shall, no later than **2:00 P.M. Eastern Time (ET) on November 12, 2024**, file with this tribunal a *brief* notice which will include the following information/document(s): (1) the name, address, phone number, and general nature/principal mission of the DP's practice, profession, or business; (2) a notice of appearance for the counsel(s) of record that will be representing the DP at the hearing; (3) the date that a request for hearing and/or participation was properly filed by the DP with the DEA; (4) why/how the DP would be sufficiently "adversely affected or aggrieved" by the proposed scheduling action to qualify as an "interested person" under the regulations;[7] (5) whether the DP supports or opposes the rescheduling action the DEA seeks in its NPRM; and (6) any *known* conflicts of interest with DEA or DOJ leadership or personnel that may require disclosure.[8]

It is further **ORDERED** that the Government, shall, no later than **2:00 P.M. ET on November 12, 2024**, file with this tribunal a notice of appearance for its counsel(s) of record

---

[6] The APA definition of "order" includes "the whole *or part* of a final disposition . . . ."  5 U.S.C. § 551(6) (emphasis supplied).

[7] 21 C.F.R. §§ 1300.01(b), 1308.44(a)-(b).

[8] In this regard, the PL identifies the International Association of Chiefs of Police (IACP) as a Designated Participant.  My spouse is currently an administrative employee of that organization who has no management responsibilities.  She has had no role in any IACP discussions regarding the issues to be adjudicated in these proceedings.  That my spouse is an IACP employee will not affect my consideration of any evidence presented by or against IACP, nor will it influence in any way the ultimate recommendation that I make in this case to the DEA Administrator.

who will be appearing in these proceedings, as well as any *known* conflicts of interest that may require disclosure.

It is further **ORDERED**, that pursuant to the Administrator's General Notice of Hearing, preliminary hearing proceedings will commence at **9:30 ET on December 2, 2024** at the **DEA Hearing Facility, North Courtroom, 700 Army Navy Drive, Arlington, Virginia, 22202**. No testimony or other evidence will be received at this preliminary hearing, but those Designated Participants who will participate will come prepared with January-February 2025 availability dates regarding their counsel and any witness[9] such DP will seek to present at the hearing on the merits. Dates for the hearing on the merits and other deadlines will be fixed in a prehearing ruling,[10] which will be issued after the preliminary hearing where the parties have been afforded the opportunity to supply logistical and availability input.[11]

It is further **ORDERED** that all proceedings will be governed by the provisions of 21 C.F.R. §§ 1316.41-1316.68.[12] Your attention is specifically directed to 21 C.F.R. § 1316.45, which provides, *inter alia*, that "[d]ocuments shall be dated and deemed filed upon receipt by the Hearing Clerk." Documents (other than proposed exhibits[13]) will be filed electronically or by hardcopy. Only one method of document filing may be utilized.

Electronic Filing: The preferred method of filing correspondence in these proceedings is as a PDF attachment via email to the DEA Judicial Mailbox (**ECF-DEA@dea.gov**). The forwarding email on all electronically filed correspondence must indicate that it was simultaneously served on the Government and all DPs via email. The DPs must ensure that all

---

[9] Given the potential number of anticipated participants, each participant, other than the Government (the burdened party in these proceedings), can generally expect to present the testimony of no more than one witness, with the opportunity to file written briefs at the conclusion of the hearing.

[10] 21 C.F.R. § 1316.55.

[11] The courtrooms at the DEA Hearing Facility are spacious and modern, but not unlimited. Accordingly, in view of the potentially high number of hearing participants, it is anticipated that admission to the preliminary hearing will be limited to representatives (no more than two, preferably one) and credentialled media as designated by the Agency. *See* Attachment 2 at 1. The Administrator's directive in the LSL regarding livestreaming will afford those physically outside the courtroom an opportunity to observe the proceedings. *Id.* Naturally, witnesses will be admitted to the courtroom to testify at the merits hearings at times where their testimony is scheduled. No cell phone use by anyone will be permitted in the courtroom at any hearing conducted in this matter. The highest level of decorum will be maintained at all times during all hearings, and court attire is required for anyone participating in any capacity. All representative appearances will be live (not virtual) throughout, and all representatives must plan to arrive sufficiently early to allow security processing through the DEA Visitor Center, which is collocated with the DEA Hearing Facility at 700 Army Navy Drive, Arlington, Virginia, 22202.

[12] Additional helpful information regarding DEA administrative proceedings may be found at the OALJ website, https://www.dea.gov/administrative-law-judges.

[13] The prehearing ruling issued after the preliminary hearing will supply direction on the manner in which exhibits may be filed with the tribunal.

documents filed with the DEA Judicial Mailbox are simultaneously served on the Government Mailbox at (**dea.registration.litigation@dea.gov**) and all other DPs.  Any request(s) to modify email addresses of a party or counsel must be made on notice to this tribunal and all other parties.  The email receipt date reflected by the DEA Judicial Mailbox server shall conclusively control all issues related to the date of service of all filed correspondence, provided however, that correspondence received after 5:00 p.m., local Washington, D.C. time, will be deemed to have been received on the following business day.

    Hardcopy:  Alternatively, correspondence may be filed in hardcopy form.  Hardcopy filings must be served in triplicate and addressed to my attention at: **The DEA Office of Administrative Law Judges, 8701 Morrissette Drive, Springfield, Virginia 22152**.  Because the DEA Hearing Facility is not physically collocated with the DEA mailing address, hardcopy filings must be posted sufficiently in advance of the due date to assure timely receipt by this office.

    It is further **ORDERED** that any request for a continuance or for an extension of time to file a document must be made by written motion sufficiently in advance of scheduled deadline(s) to be considered and ruled upon.

Dated:  October 31, 2024

_____
JOHN J. MULROONEY, II
Chief Administrative Law Judge

**CERTIFICATE OF SERVICE**

 This is to certify that the undersigned, on October 31, 2024, caused a copy of the foregoing to be delivered to the following recipients: (1) James Schwartz, Esq., Counsel for the Government, via email at james.j.schwartz@dea.gov; (2) the DEA Government Mailbox, via email at dea.registration.litigation@dea.gov; (3) Shane Pennington for Village Farms International, via email at spennington@porterwright.com; (4) Aaron Smith for National Cannabis Industry Association, via email at aaron@thecannabisindustry.org and michelle@thecannabisindustry.org; (5) Chad Kollas for American Academy of Hospice and Palliative Medicine, via email at wchill@aahpm.org; (6) John Jones for Cannabis Bioscience International Holdings, via email at ir@cbih.net; (7) Robert Head for Hemp for Victory, via email at robert@bluecordfarms.com; (8) Erin Gorman Kirk for the State of Connecticut, via email at erin.kirk@ct.gov; (9) Ellen Brown for Massachusetts Cannabis Advisory Board, via email at ellen@greenpathtraining.com; (10) Shanetha Lewis for Veterans Initiative 22, via email at info@veteransinitiative22.com; (11) Jason Castro for The Doc App. Dba, My Florida Green, via email at jasoncastro@myfloridagreen.com; (12) Katy Green for The Commonwealth Project, via email at kag@platinumadvisors.com; (13) Ari Kirshenbaum for Saint Michael's College, via email at mslade@cannabispublicpolicyconsulting.com; (14) Jo McGuire for National Drug and Alcohol Screening Association, via email at jomcguire@ndasa.com; (15) Patrick Philbin for Smart Approaches to Marijuana, via email at pphilbin@torridonlaw.com; (16) Roneet Lev for International Academy on the Science and Impact of Cannabis, via email at roneetlev@gmail.com; (17) David Evans for Cannabis Industry Victims Educating Litigators, via email at thinkon908@aol.com; (18) Kenneth Finn, via email at kfinn@springsrehab.net; (19) Jennifer Homendy for National Transportation Safety Board, via email at executivesecretariat@ntsb.gov and correspondence@ntsb.gov; (20) Phillip Drum, via email at phillipdrum@comcast.net; (21) Attorney General Mike Hilgers for the State of Nebraska, via email at zachary.viglianco@nebraska.gov; (22) International Association of Chiefs of Police, via email at voegtlin@theiacp.org; (23) Drug Enforcement Association of Federal Narcotics Agents, via email at marshallfisher@rocketmail.com; (24) Natalie P. Hartenbaum for American College of Occupational and Environmental Medicine, via email at occumedix@comcast.net and craig@acoem.org; (25) Sue Thau for Community Anti-Drug Coalitions of America, via email at cdoarn@cadca.org; (26) Tennessee Bureau of Investigation, via email at kim.litman@tbi.tn.gov; and (27) National Sheriff's Association, via email at sheriffskinner@collincountytx.gov and ykaraman@sheriffs.org.

_____<br>
Quinn Fox<br>
Staff Assistant to the Chief Judge<br>
Office of Administrative Law Judges

**Attachment 1**



**U.S. Department of Justice**
Drug Enforcement Administration

*Office of the Administrator*                                    *Springfield, VA 22152*

October 28, 2024

Hon. John J. Mulrooney, II
Chief Administrative Law Judge
Office of Administrative Law Judges
8701 Morrissette Drive
Springfield, VA 22152

Dear Chief Judge Mulrooney,

    On May 21, 2024, the Department of Justice published a notice of proposed rulemaking (NPRM) to transfer marijuana from schedule I of the Controlled Substances Act (CSA) to schedule III of the CSA. See *Schedules of Controlled Substances: Rescheduling of Marijuana*, 89 FR 44597 (May 21, 2024). Upon review of the requests for hearing on the NPRM, I authorized a hearing to be conducted in accordance with the Administrative Procedure Act (APA), the CSA, and the Drug Enforcement Administration (DEA) regulations. See *Schedules of Controlled Substances: Rescheduling of Marijuana*, 89 FR 70148 (Aug. 29, 2024).

    Pursuant to my authority under the CSA and DEA regulations, I reviewed the requests for a hearing under 21 CFR 1308.44(a) and 1316.47, and the requests to participate under 21 CFR 1308.44(b) and 1316.48, and I have determined that the following will be participants at the hearing:

1. Village Farms International Inc.
   Shane Pennington of Porter Wright, spennington@porterwright.com

2. National Cannabis Industry Association
   Aaron Smith, CEO and Co-Founder, and Michelle Rutter Friberg, Director of Government Relations, aaron@thecannabisindustry.org and michelle@thecannabisindustry.org

3. American Academy of Hospice and Palliative Medicine
   Dr. Chad Kollas, MD, wchill@aahpm.org

4. Cannabis Bioscience International Holdings
   John Jones, Treasurer and Director, ir@cbih.net

1

5. Hemp for Victory
   Robert Head, Dr. Corey Burchman, Dr. Darinia Douchi, and Victor Bohm, robert@bluecordfarms.com

6. Cannabis Ombudsman, State of Connecticut
   Erin Gorman Kirk, Erin.Kirk@ct.gov

7. Massachusetts Cannabis Advisory Board
   Ellen Brown, Research Subcommittee Chair, ellen@greenpathtraining.com

8. Veterans Initiative 22
   Shanetha Lewis, Executive Director, info@veteransinitiative22.com

9. The Doc App. Dba, My Florida Green
   Nicholas Garulay, President and CEO, and Jason Castro, Inhouse Counsel, jasoncastro@myfloridagreen.com

10. The Commonwealth Project
    Katy Green, kag@platinumadvisors.com

11. Saint Michael's College
    Ari Kirshenbaum, PhD, Professor of Psychology, mslade@cannabispublicpolicyconsulting.com

12. National Drug and Alcohol Screening Association (NDASA)
    Jo McGuire, jomcguire@ndasa.com

13. Smart approaches to Marijuana (SAM)
    Patrick Philbin, pphilbin@torridonlaw.com

14. International Academy on the Science and Impact of Cannabis
    Roneet Lev, roneetlev@gmail.com

15. Cannabis Industry Victims Educating Litigators
    David Evans, Sr. Counsel, thinkon908@aol.com

16. Kenneth Finn, MD, kfinn@springsrehab.net

17. National Transportation Safety Board (NTSB)
    Jennifer Homendy, Chair, ExecutiveSecretariat@ntsb.gov and correspondence@ntsb.gov

18. Phillip Drum, Pharm D, phillipdrum@comcast.net

Case 2:24-cv-01817-KKE    Document 1-2    Filed 11/05/24    Page 9 of 10

19. State of Nebraska
    Attorney General Mike Hilgers, zachary.viglianco@nebraska.gov

20. International Association of Chiefs of Police (IACP)
    voegtlin@theiacp.org

21. Drug Enforcement Association of Federal Narcotics Agents (DEAFNA)
    marshallfisher@rocketmail.com

22. American College of Occupational and Environmental Medicine (ACOEM)
    Natalie P. Hartenbaum, occumedix@comcast.net cc: craig@acoem.org

23. Community Anti-Drug Coalitions of America (CADCA)
    Sue Thau, cdoarn@cadca.org

24. Tennessee Bureau of Investigation (TBI)
    kim.litman@tbi.tn.gov

25. National Sheriff's Association
    sheriffskinner@collincountytx.gov and ykaraman@sheriffs.org

Further, an Administrative Law Judge (ALJ) is now designated to preside over the hearing. The ALJ's functions commence upon this designation. *See* 21 CFR 1316.52. The designated ALJ will have powers necessary to conduct a fair hearing, to take all necessary action to avoid delay, and to maintain order. *Id.* The ALJ's authorities include the power to hold conferences to simplify or determine the issues in the hearing or to consider other matters that may aid in the expeditious disposition of the hearing; require parties to state their position in writing; sign and issue subpoenas to compel the production of documents and materials to the extent necessary to conduct the hearing; examine witnesses and direct witnesses to testify; receive, rule on, exclude, or limit evidence; rule on procedural items; and take any action permitted by the presiding officer under DEA's hearing procedures and the APA. *Id.*

Sincerely,

Anne Milgram
Administrator

3

**Attachment 2**



**U.S. Department of Justice**
Drug Enforcement Administration

*Office of the Administrator*  *Springfield, VA 22152*

October 28, 2024

Hon. John J. Mulrooney, II
Chief Administrative Law Judge
Office of Administrative Law Judges
8701 Morrissette Drive
Springfield, VA 22152

Dear Chief Judge Mulrooney,

On May 21, 2024, the Department of Justice published a notice of proposed rulemaking (NPRM) to transfer marijuana from schedule I of the Controlled Substances Act (CSA) to schedule III of the CSA. *See Schedules of Controlled Substances: Rescheduling of Marijuana*, 89 FR 44597 (May 21, 2024). Upon review of the requests for hearing on the NPRM, I authorized a hearing to be conducted in accordance with the Administrative Procedure Act (APA), the CSA, and the Drug Enforcement Administration (DEA) regulations. *See Schedules of Controlled Substances: Rescheduling of Marijuana*, 89 FR 70148 (Aug. 29, 2024).

On October 28, 2024, I designated an Administrative Law Judge (ALJ) to preside over the hearing. Given the public interest in this matter and DEA's commitment to conducting a transparent proceeding, I am exercising my inherent authority under 21 CFR 1307.03 to waive 21 CFR 1316.52 to the extent necessary to direct that the hearing be livestreamed. I am also exercising my authority to allow the in-person attendance of a limited number of credentialed media, as determined by DEA's Office of Public Affairs.

Sincerely,

Anne Milgram
Administrator

2024 OCT 29 PM 1:41
OFFICE OF ADMINISTRATIVE
LAW JUDGES