UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID HELDRETH,<br><br>     Plaintiff(s),<br> v.<br><br>MERRICK B. GARLAND, et al.,<br><br>     Defendant(s). | CASE NO. C24-1817-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Plaintiff David Alan Heldreth, Jr., is a shareholder in a medical research company developing therapies and intellectual property involving marijuana and related drugs. Dkt. No. 1 at ¶ 11. Plaintiff's company sought to participate in a United States Drug Enforcement Administration ("DEA") hearing on the proposed rulemaking related to the transfer of marijuana from Schedule I to Schedule III of the Controlled Substances Act, but was not selected to participate. *See* Dkt. No. 1-2 at 7–9. Plaintiff, proceeding *pro se*, filed this lawsuit to challenge the DEA's procedures related to setting the hearing and selecting the participants, and also to challenge the constitutionality of the appointment of DEA administrative law judges ("ALJs"). Dkt. No. 1 ¶¶ 63–72.

Plaintiff filed his complaint on November 4, 2024, and mailed a copy of the summons and complaint to Defendants on November 11, 2024. *See* Dkt. No. 6. On November 25, 2024, Plaintiff filed a motion for temporary restraining order ("TRO"), seeking to prevent a preliminary hearing

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

on the proposed rulemaking from going forward on December 2, 2024, until after this action has been resolved. Dkt. No. 7. Defendants appeared in this action on November 26, 2024, and filed an opposition to Plaintiff's TRO motion on November 27, 2024. Dkt. Nos. 9, 13.

For the reasons explained herein, the Court will deny Plaintiff's motion for a TRO.

## I.   ANALYSIS

### A.   Legal Standards

In order to succeed on a motion for TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "When the government is a party, these last two factors merge." *East Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 975 (9th Cir. 2020) (quoting *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)).

Preliminary injunctive relief, including a TRO, is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22; *see also Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that the showings required to support a TRO are identical to the showings required for a preliminary injunction).

Plaintiff's motion addresses these four factors and asserts that all of them weigh in favor of the Court's entry of a TRO (Dkt. No. 7 at 3–7) and the Court will address each factor in turn.

### B.   Likelihood of Success on the Merits

First, as to whether Plaintiff is likely to succeed on the merits, Plaintiff alleges that the DEA's rulemaking procedure with respect to rescheduling marijuana is defective because (1) the DEA failed to provide proper notice of the proposed rulemaking; and (2) the DEA failed to provide

required opportunities for input into the rulemaking from small businesses or tribal governments. Dkt. No. 7 at 3–6. Plaintiff also asserts that the DEA's proposed rescheduling of marijuana is not supported by "a comprehensive, scientifically supported review" that was previously required under a four-part test, but that has been recently replaced by a two-part test. *Id*. at 7.

Plaintiff has not presented evidence or argument showing that he is likely to succeed on any of these arguments. Attached to Plaintiff's complaint are three letters written by DEA representatives related to the scheduling of the December 2 hearing, but Plaintiff has failed to explain how these documents demonstrate that proper procedures were not followed. Dkt. No. 1-2. To the extent that Plaintiff alleges that the DEA erred in finding that its proposed final rule would not impact small businesses,[1] and that it should have concluded the opposite, Plaintiff has not provided any evidence or argument establishing that this is the case. *See* Dkt. No. 1 ¶ 62. It is possible that upon a full review of the agency action here, the Court may agree with Plaintiff, but at this point Plaintiff has offered the Court nothing more than his disagreement with the DEA's determination.[2]

Also attached to Plaintiff's complaint is a transcript from a 2022 hearing related to a different DEA rulemaking process, and it is not clear how this transcript bears on the proceedings at issue in this lawsuit. Dkt. No. 1-3.

Lastly, Plaintiff attached three statements from tribal groups submitted as comments on the DEA's proposed rescheduling of marijuana, and two of these statements do not reference

---

[1] Notably, Plaintiff is not a small business, he is an individual shareholder of a small business. It is not clear at this point whether Plaintiff seeks to bring claims on behalf of his business or on behalf of himself. *See, e.g.*, *Panacea Plant Sciences Inc. v. Garland*, No. 2:24-cv-00477-RSM (W.D. Wash. 2024), Dkt. No. 18.

[2] The Defendants' opposition also contends that this Court lacks jurisdiction to hear Plaintiff's claim that he was improperly excluded from the DEA's rulemaking process. Dkt. No. 13 at 9–12. Specifically, the Defendants contend that there has not been a "final agency action" that is a prerequisite to judicial review, and that any such judicial review must be sought in the Courts of Appeal rather than the district court. *Id*. The Court need not resolve these issues in the context of this motion, but instead focuses on whether Plaintiff has met his burden to show he is entitled to a TRO.

ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 3

procedural irregularities in the rulemaking or demand anything with respect to the December 2 hearing. See Dkt. Nos. 1-5, 1-6. The third statement disagrees with the DEA's finding in its May 2024 notice of proposed rulemaking that the proposed rescheduling of marijuana would not have a tribal impact. Dkt. No. 1-4 at 1. While this statement could be read to accuse the DEA of failing to properly appreciate the impact of its proposed rulemaking, it does not show that Plaintiff is likely to succeed in this action because Plaintiff is an individual who does not purport to represent a tribe. The statement does not suggest that Plaintiff is likely to succeed on the merits of any claim that he may have standing to raise.

None of the evidence submitted by Plaintiff pertains to his contention in the TRO motion that the DEA's proposed rulemaking is unsupported by sufficient scientific review. See Dkt. No. 7 at 6.

For these reasons, the Court finds that Plaintiff has not shown that he is likely to succeed on the merits, and therefore this factor weighs against entry of a TRO.

**C.  Likelihood of Irreparable Harm**

Plaintiff's TRO motion asserts that if the December 2 hearing is allowed to go forward before the procedural defects in the DEA's rulemaking process are cured,

> [t]he hearing could result in irreversible changes the marijuana's classification, creating legal, economic, and medical consequences that cannot be undone. Specifically, Plaintiff and other individuals and organizations could be denied access to medical marijuana, research funding, and business opportunities, or subjected to undue legal or regulatory burdens. Such harm cannot be remedied by monetary damages or after-the-fact legal remedies.

Dkt. No. 7 at 6.

This argument is undermined by evidence Plaintiff submitted along with his complaint, indicating that the December 2 hearing is preliminary and focused on the scheduling of a future hearing on the merits, and therefore no rescheduling of marijuana is set to occur at the preliminary

hearing. *See* Dkt. No. 1-2 at 4. Given that a hearing on the merits is not expected to occur until January or February 2025 (*id*.), it appears that there is no risk of irreparable harm if the December 2 hearing goes forward. Moreover, even if marijuana is rescheduled as proposed, that decision would not cause irreparable harm because the DEA could reschedule or even remove marijuana from the schedules entirely in the future upon the petition of an interested party. *See* Dkt. No. 13 at 14 (citing 21 U.S.C. § 811(a)).

The Court will have ample time to fully consider the merits of Plaintiff's claims on full briefing and a complete record before any harm could potentially occur. Because the December 2 hearing is not likely to result in irreparable harm to Plaintiff, this factor weighs against entry of a TRO.

**D.     Balance of Hardships & Public Interest**

Plaintiff contends that the balance of equities tips in his favor, and that a TRO would promote the public interest. Dkt. No. 7 at 6.

When considering whether the balance of the equities tips in Plaintiff's favor, the Court looks to whether a TRO would "do more good than harm[.]" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1133 (9th Cir. 2011) (quoting *Hoosier Energy Rural Elec. Co-op., Inc. v. John Hancock Life Ins. Co.*, 582 F.3d 721, 725 (7th Cir. 2009)). Likewise, when considering whether an injunction would serve the public interest, the Court must weigh the public interests in favor of an injunction against those that "cut in favor of *not* issuing the injunction." *Id*. at 1138.

According to Plaintiff, the inconvenience that would result from staying the December 2 hearing shortly before it is set to occur is outweighed by his and the public's interest in ensuring that any rescheduling of marijuana occurs in accordance with the law. Dkt. No. 7 at 6. But, as explained earlier in this order, Plaintiff has failed to support his claims of procedural defect in the processes that led to the December 2 hearing, or that irreparable harm is likely to occur if the

December 2 preliminary hearing goes forward. Those failures undermine a suggestion that an injunction would do more good than harm, or that the public interest would be served by staying the December 2 hearing so shortly before it is set to occur.

Accordingly, the Court concludes that Plaintiff has not made a sufficient showing on any of the factors that would support the issuance of a TRO.

## II. CONCLUSION

Because Plaintiff has not shown that he is entitled to the extraordinary relief he seeks, the Court DENIES Plaintiff's motion for a temporary restraining order (Dkt. No. 7).

Dated this 27th day of November, 2024.

Kymberly K. Evanson
United States District Judge